## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Katherine Bradacs and Tracie Goodwin, ) | Civil Action No. 3:13-cv-02351-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Nimrata ("Nikki") Randhawa Haley[1], in her ) | |
| official capacity as Governor of South ) | |
| Carolina; Alan M. Wilson, in his official ) | |
| Capacity as Attorney General, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the pro se motion filed by Don Boyd ("Boyd") requesting that the court allow him to intervene as a party in interest and to submit briefs and join in this action. (ECF No. 83.) The court has reviewed Boyd's motion and memorandum and hereby **DENIES** the motion. The court also **DENIES AS MOOT** Boyd's motion to proceed in forma pauperis. (ECF No. 84.)

In this case, Boyd, an alleged musician and psalmist, and self-proclaimed "[w]atchman for the souls of that people errantly identifying and calling themselves lesbian and gay" seeks dismissal of this action claiming that any ratification by the courts of lesbian and gay marriage rights would cause irreparable injury to and/or violate his real and established rights conferred and guaranteed by the First and Fourteenth Amendments of the United States Constitution (as opposed to those imagined by Plaintiffs or their lawyers and supporters) and force Boyd to disobey God. (See ECF Nos. 83 and 83-1.) More specifically, Boyd contends that the ratification of same-sex marriages will cause a proliferation of gay weddings and thereby inhibit

---

[1] In an Order filed on November 10, 2014, this court found that suit against Governor Haley was barred by the Eleventh Amendment. (See ECF No. 89.)

his ability to freely exercise his religion by not allowing him to individually attend and publicly protest the marriages of all same-sex couples for whom he "know[s] a reason these should not be joined in marriage." (ECF No. 83-1 at 8–9 ¶28.) Boyd argues that Defendant is unable to adequately represent or defend his interest in this action by reason of "separation of Church and State" based on the First Amendment to the United States Constitution and other reasons stated in his affidavit filed with his memorandum to the court. (ECF No. 83 at 1.) Boyd further claims that he only learned of this action approximately seven (7) days before filing his motion, which would have been on or about October 27, 2014. (Id.) Boyd requests that the court allow him to intervene in this action to determine whether Plaintiffs' newly alleged constitutional rights would invade established and practiced constitutional rights and to submit a brief in support of his contentions. (Id. at 3–4.)

Fed. R. Civ. P. 24 provides for two types of intervention. "Intervention of Right" requires the court to permit anyone to intervene upon timely motion who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, to intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under [Fed. R. Civ. P.] 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." U.S. ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co., 349 F. Supp. 2d 934,

937 (D. Md. 2004) (citing In re Richman, 104 F.3d 654, 658 (4th Cir. 1997)).  Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right.  See N.A.A.C.P. v. New York, 413 U.S. 345, 369 (1973).

"Permissive Intervention," on the other hand, allows the court, in its discretion, to permit anyone to intervene upon timely motion who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  In exercising discretion under Fed. R. Civ. P. 24(b), "the court shall consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties."  Fed. R. Civ. P. 24(b)(3).

Boyd's motion fails to sufficiently state grounds for either intervention as of right or permissive intervention.  As to intervention as of right, Boyd fails to show that he made a timely application.  While Boyd claims that he only learned of this lawsuit in October 2014, the court finds that allegation hard to believe since this lawsuit has been pending since August 2013 and has been well advertised through various media outlets.  Even assuming that Boyd has an interest in the subject matter of the underlying action, the court finds that he has failed to show that a denial of the motion would impair his ability to protect his interest–that is, to continue to assert his constitutional rights and discontent for same-sex marriage.  Additionally, Boyd only makes vague, conclusory statements that allowing the ratification of same-sex marriages would deprive him of a personal life and other liberties guaranteed by the Fourteenth Amendment.  Finally, Boyd cannot show that his interests are not adequately protected by Defendant's vigorous opposition to Plaintiffs' challenge to the state ban on same-sex marriages.  As Boyd has failed to meet each of the elements of intervention as of right, this court must deny his right to intervene in this regard.

As to permissive intervention, the court must also deny that request because Boyd has

failed to articulate a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  Instead, Boyd appears to state a challenge based on his self-interests in protecting his personal life, including his ability to individually attend and protest all scheduled same-sex marriage ceremonies.  (ECF No. 83-1, 8–9 ¶¶ 28–29.)

Therefore, for the foregoing reasons, the court **DENIES** Don Boyd's Motion & Memorandum to Intervene as Party in Interest and Submit Briefs and Join.  (ECF No. 83.)  The court also **DENIES AS MOOT** Don Boyd's Application to Proceed without Prepayment of Fees and Affidavit.  (ECF No. 84.)

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

November 17, 2014
Columbia, South Carolina